UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAITLIN ANN WOLF** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **20-793-SDD-EWD** |
| **ROGER CALVIN LOOPER, II, JOHN FRAICHE, AND ASCENSION PARISH SHERIFF'S DEPT.** | |

**RULING AND ORDER**

This case will be dismissed under Federal Rule of Civil Procedure 41(b) as Plaintiff Caitlin Wolf ("Wolf") failed to appear for the hearing set pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) ("*Spears* Hearing"), which was her opportunity to explain the basis for her claims in this case. Wolf has not taken any action in this case since her failure to appear for the *Spears* Hearing and multiple mailings from the Court to Wolf have been returned as undeliverable.

Wolf, who is representing herself and who was granted permission to proceed in this case without prepaying the filing fee,[1] filed a Complaint against Roger Calvin Looper, II, John Fraiche, and the Ascension Parish Sheriff's Department ("Defendants") on August 6, 2020.[2] The Court scheduled a *Spears* Hearing in this case for January 4, 2021 and ordered Wolf to personally appear.[3] Wolf was advised that her failure to appear at the

---

[1] R. Doc. 6.
[2] R. Doc. 1-2. Plaintiff filed her Complaint and an application to proceed *in forma pauperis* in the United States District Court for the Southern District of Ohio. R. Docs. 1, 1-2. The application to proceed *in forma pauperis* (without prepaying the filing fee) was not ruled on while the matter was pending in that court. R. Doc. 1. On November 18, 2020, the matter was transferred to this Court. R. Docs. 3, 4. On January 4, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis*. R. Doc. 6.
[3] R. Doc. 5. Due to the COVID-19 pandemic, the January 4, 2021 hearing was to be conducted by Zoom video conference. *Id.* As explained in the Order setting the *Spears* Hearing, the purpose of the hearing was to determine whether all or any part of Wolf's case should be dismissed as frivolous.

*Spears* Hearing could result in the dismissal of this action without further notice. Notice of the hearing was sent to Wolf via certified mail, return receipt requested at the address she provided in her Complaint.[4] Wolf failed to appear for the January 4, 2021 hearing and did not contact the Court to explain her failure to appear.[5]

Because of her failure to appear for the *Spears* Hearing, on January 4, 2021, the Court set a show cause hearing for January 27, 2021, again ordering Wolf to appear via Zoom video conferencing and to show cause as to why her claims should not be dismissed for failure to comply with the Court's December 8, 2020 Order setting the *Spears* Hearing.[6] Wolf was again advised that her failure to appear at the January 27, 2021 hearing could result in the dismissal of her case without further notice. Wolf was sent a copy of the January 4, 2021 Order setting the show cause hearing by certified mail, return receipt requested, at her address of record on PACER, which is also the address listed in her Complaint.[7]

On January 27, 2021, Wolf did not appear for the show cause hearing, which was held open for 15 minutes.[8] Wolf has failed to appear for hearings, has failed to provide

---

[4] Notice of the January 4, 2021 hearing was sent to Plaintiff via certified mail, return receipt requested no. 7018 0360 0001 1615 6292at the address listed on PACER. *See* R. Doc. 5.
[5] R. Doc. 7. After the date of the scheduled *Spears* Hearing, the Court received notice from the U.S. Postal Service that the certified mailing to Wolf of the Order setting the hearing was returned unexecuted and marked "Return to Sender; Unclaimed; Unable to Forward." R.Doc. 10.
[6] R. Doc. 8.
[7] Notice of the January 27, 2021 hearing was sent to Plaintiff at the address listed on PACER via certified mail, return receipt requested no. 7020 1810 0000 5305 6176. *See* R. Doc. 8. In April, the Notice was returned by the U.S. Postal Service stamped: "Return to Sender; Unclaimed; Unable to Forward." R. Doc. 12.
[8] *See* R. Doc. 9.

her current address to the Court, and has failed to contact the Court regarding her inability to appear for the scheduled hearings, or to otherwise prosecute this matter.

Local Civil Rule 41(b)(4) provides that "failure of an attorney or pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Dismissal under this Rule "shall be without prejudice."[9]  Well more than thirty days have passed since mail to Wolf has been returned to the Court, and Wolf has not corrected her address to date.

Additionally, Fed. R. Civ. P. 41(b) provides for dismissal when a plaintiff "fails to prosecute or to comply with these rules or a court order...." A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[10] Wolf has failed to prosecute this action as she has not filed anything into the record since the Complaint almost 3 years ago and she has failed to follow the Court's orders to appear for the *Spears* Hearing and show cause hearing.

Accordingly,

**IT IS ORDERED** that the above-captioned proceeding is **DISMISSED WITHOUT PREJUDICE** for Plaintiff Caitlin Ann Wolf's failure to comply with Court Orders to appear for scheduled hearings, and failure to keep the Court apprised of her current address.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide this Ruling and

---

[9] Local Civil Rule 41(b)(3).
[10] *See Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

Order to Plaintiff Caitlin Ann Wolfe, via certified mail, return receipt requested to her last address of record at P.O. Box 842, Hamilton, OH 45011.

Signed in Baton Rouge, Louisiana, on October 4, 2023.

HON. SHELLY D. DICK
CHIEF UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA